# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENEDICT CIPPONERI, JR., <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL DEPOSIT INSURANCE CORPORATION, et al., <br><br> Defendants. | 1:09cv0688 AWI DLB <br><br> ORDER GRANTING DEFENDANT'S MOTION TO STAY ACTION <br> (Document 8) <br><br> ORDER SETTING STATUS CONFERENCE <br> Date: October 15, 2009 <br> Time: 9:00 a.m. <br> Courtroom 9 |

On May 13, 2009, Defendant Federal Deposit Insurance Corporation, as Receiver for County Bank ("FDIC"), filed the instant motion to stay the action. The matter was heard on June 26, 2009, before the Honorable Dennis L. Beck, United States Magistrate Judge. Frank Zumwalt appeared on behalf of Plaintiff Benedict Cipponeri, Jr. ("Plaintiff") and Timothy Flynn appeared on behalf of Plaintiff-in-Intervention Care West Insurance ("Care West"). Tiffany Scarborough appeared on behalf of FDIC.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed the instant personal injury action in Stanislaus County Superior Court on October 31, 2008. Plaintiff alleges that he was making a deposit for his employer at County Bank on December 12, 2006, when he slipped and fell. He alleges that the floor was slick, due to rainy weather conditions, and contends that County Bank negligently maintained the premises and negligently failed to warn of the allegedly dangerous condition. Plaintiff's workers'

1  compensation carrier, Care West, filed a complaint- in-intervention on November 25, 2008.
2  County Bank answered the complaints on December 4, 2008.
3        On February 6, 2009, County Bank was placed in receivership by the State of California,
4  Department of Financial Institutions.  FDIC was appointed as the receiver.  On April 10, 2009,
5  FDIC was substituted as the real party in interest and the parties agreed to a 90 day stay to
6  complete the administrative claims process.  The parties reserved their rights to litigate a further
7  stay after the 90 day period expired.
8        FDIC removed this action on April 16, 2009, based on 28 U.S.C. § 1441 and the
9  Financial Institution Reform, Recovery and Enforcement Act of 1989, which gives FDIC the
10 statutory right to remove cases in which it is a party.  In the notice of removal, FDIC requested
11 that the 90 day stay remain in effect for purposes of exhausting administrative claims procedure
12 set forth in 12 U.S.C. § 1821 "as a condition precedent to the pursuit of any claims against FDIC-
13 R and continuation of this lawsuit."
14       On May 13, 2009, FDIC filed the instant motion to stay the action 180 days to allow
15 completion of the administrative claims procedure.  Care West filed an opposition on June 5,
16 2009, and FDIC filed its reply on June 19, 2009.
17       Plaintiff has not filed an opposition or otherwise responded to the motion.

## **LEGAL STANDARD**

19       Pursuant to 12 U.S.C. § 1821(d)(3)-(8), a plaintiff making a claim against FDIC is
20 required to exhaust administrative procedures prior to commencement of a legal action.  The
21 procedures indicate that if a claimant submits a timely claim to the FDIC, the FDIC must
22 determine within 180 days whether to allow or disallow the claim. 12 U.S.C. § 1821(d)(5)(A)(i).
23 If the FDIC disallows the claim or otherwise fails to determine the claim, the claimant then has
24 60 days to request administrative review or file, or continue, suit on such claim in district court.
25 See 12 U.S.C. § 1821(d) (6)(A)(ii).
26       The Court is deprived of jurisdiction until the claims procedure has been completed. 12
27 U.S.C. § 1821(d)(13)(D); Feise v. Resolution Trust Corp., 815 F.Supp. 344, 346 (E.D.Cal.1993).
28 "The effect of these provisions, read together, is to require anyone bringing a claim against or

1 'seeking a determination of rights with respect to the assets of a failed bank held by the FDIC as
2 receiver to first exhaust administrative remedies by filing an administrative claim under the
3 FDIC's administrative claims process.'" Freeman v. FDIC, 56 F.3d 1394, 1400 (9th Cir.1995);
4 see also International Travel Mktg. v. FDIC, 45 F.3d 1278, 1282 (9th Cir.1994).

5     Section 1821(d)(12)(A) provides that the FDIC as receiver is entitled to a stay for up to
6 90 days in any judicial action to which it becomes a party.

### DISCUSSION

8     The parties do not dispute that exhaustion is required, nor do they dispute that FDIC can
9 request a 90 day stay pursuant to section 1821(d)(12). In fact, both Plaintiff and Care West have
10 filed their administrative claims on May 11, 2009 and May 8, 2009, respectively.

11     It is clear to the Court, and the parties, that this action cannot proceed until administrative
12 proceedings have been resolved. Accordingly, the Court finds that a stay is appropriate. The
13 Court therefore GRANTS FDIC's motion and ORDERS that this action be STAYED for up to
14 180 days from the date of this order. The Court FURTHER ORDERS that the stay will
15 AUTOMATICALLY LIFT when the administrative process concludes.

16     The Court SETS a status conference for October 15, 2009, at 9:00 a.m., in Courtroom 9,
17 before the Honorable Dennis L. Beck. The parties may contact the Court should the conference
18 need to be held sooner.

20     IT IS SO ORDERED.

21     Dated:   **June 26, 2009**           **/s/ Dennis L. Beck**
                                                     UNITED STATES MAGISTRATE JUDGE